Dear Mr. Limbaugh:
This letter is in response to your request for an official opinion on the question whether a sixteen year old person is subject to the provisions of § 577.050, RSMo.
In Attorney General Opinion No. 311, Gepford, December 1, 1966, this office concluded that a person coming under the protection of the juvenile code who is taken into custody for driving while intoxicated cannot be required to submit to a chemical test of his breath but must, in accordance with procedural protections afforded juveniles, be taken immediately before the juvenile court or placed in the custody of the juvenile officer. However, this opinion relied in part upon § 211.031(3), RSMo 1959, of the juvenile code which gave exclusive jurisdiction to the juvenile court concerning the suspension or revocation of a state or local license or authority of a child to operate a motor vehicle. Section 211.031(3) has since been amended by S.B. 512, 80th Gen. Assembly. That portion of Juvenile Code, § 211.031, S.B. 512, 80th Gen. Assembly, dealing with the operation of a motor vehicle by a child, provides as follows:
 1. Except as otherwise provided herein, the juvenile court shall have exclusive original jurisdiction in proceedings:
* * *
 (3) Involving any child who is alleged to have violated a state law or municipal ordinance, or any person who is alleged to have violated a state law or municipal ordinance prior to attaining the age of seventeen years, in which cases jurisdiction may be taken by the court of the circuit in which the child or person resides or may be found or in which the violation is alleged to have occurred; except that, the juvenile court shall not have jurisdiction over any child sixteen years of age who is alleged to have violated a state or municipal traffic ordinance or regulation, the violation of which does not constitute a felony; (S.B. 512, 80th Gen. Assembly.) (Emphasis added.)
Therefore, the question is whether this reduction in juvenile court jurisdiction has changed the result reached by the Gepford opinion.
Section 577.020, RSMo, provides in pertinent part:
 1. Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to, subject to the provisions of sections 577.020, 577.030 and 577.050, a chemical test of his breath for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of the acts which the arresting officer had reasonable grounds to believe were committed while the person was driving a motor vehicle while intoxicated.
Section 577.050, RSMo, provides in pertinent part:
 1. If a person under arrest refuses upon the request of the arresting officer to submit to a chemical test, which request shall include the reasons of the officer for requesting the person to submit to a test and which also shall inform the person that his license may be revoked upon his refusal to take the test, then none shall be given. In this event, the arresting officer, if he so believes, shall make a sworn report to the director of revenue that he has reasonable grounds to believe that the arrested person was driving a motor vehicle upon the public highways of this state while in an intoxicated condition and that, on his request, refused to submit to the test. Upon receipt of the officer's report, the director shall revoke the license of the person refusing to take the test for a period of no more than one year; or if the person arrested be a nonresident, his operating permit or privilege shall be revoked for not more than one year; or if the person is a resident without a license or permit to operate a motor vehicle in this state, an order shall be issued denying the person the issuance of a license or permit for a period of not more than one year.
If a juvenile is arrested for an offense which is within the jurisdiction of the juvenile court then the conclusion in the Gepford opinion would still be valid. The juvenile would have to be taken before the juvenile court or placed in the custody of the juvenile officer and no chemical test could be performed. It is only when the arrest is for an offense which is no longer under the jurisdiction of the juvenile code that the basis of the Gepford opinion changes and therefore requires re-evaluation.
The juvenile code, Chapter 211, RSMo, prescribes specific procedures for the handling of juveniles when they are taken into custody. Under § 211.131.1, RSMo:
 When any child found violating any law or ordinance . . . is taken into custody, the taking into custody is not considered an arrest.
Section 211.061.1 provides that:
 When a child is taken into custody with or without warrant for an offense, the child, together with any information concerning him and the personal property found in his possession, shall be taken immediately and directly before the juvenile court or delivered to the juvenile officer or person acting for him.
If these sections are applicable, a juvenile who is taken into custody is not under arrest and therefore the requirements of §§ 577.020 and 577.050, that the person be under arrest, are not met. Further, the juvenile would have to be taken immediately and directly before the juvenile court or delivered to a juvenile officer or person acting for him. Therefore, the question becomes whether a sixteen year old juvenile who is taken into custody for a violation of a traffic regulation or ordinance, the violation of which does not constitute a felony, is entitled to the procedural protections accorded juveniles in Chapter 211 even though the juvenile court does not have jurisdiction.
The purpose of Chapter 211, the juvenile code, was declared by the legislature to be:
 [T]o facilitate the care, protection and discipline of children who come within the jurisdiction of the juvenile court.
This chapter shall be liberally construed, therefore, to the end that each child coming within the jurisdiction of the juvenile court shall receive such care, guidance and control, preferably in his own home, as will conduce to the child's welfare and the best interests of the state. (Emphasis added.) Section 211.011, RSMo 1978.
This section indicates an intent on the part of the legislature to protect only those children who come within the juvenile court's jurisdiction. In State v. Arbeiter, 408 S.W.2d 26, 29
(Mo. 1966), the court, in interpreting the then existing juvenile code, stated that once police consider that they have sufficient reason to take a juvenile into custody, they are required to take him "immediately and directly" to the juvenile court and it thereafter became the function of that agency to determine, in accordance with the procedures established in Chapter 211, whether or not sufficient grounds existed for the court's exercise of its jurisdiction. However, the Arbeiter opinion indicates there was no question at that time that the appellant's age of fifteen subjected him to the exclusive jurisdiction of the juvenile court in any proceeding involving an alleged criminal offense. Thus, the court was not faced with the situation where a juvenile was taken into custody for alleged violation of a state law or municipal ordinance, but where the juvenile court could lack jurisdiction. Therefore, the Arbeiter opinion did not decide the question herein presented.
The amendment to § 211.031 contained in Senate Bill 512, 80th General Assembly, removes violations of traffic ordinances and regulations, the violation of which does not constitute a felony, from the jurisdiction of the juvenile courts. This indicates an intent on the part of the legislature to treat children sixteen years of age who violate such ordinances or regulations the same as adults. However, if the procedures in §§ 211.061 and 211.131.1 are held to apply when such children are taken into custody even though the juvenile court lacks jurisdiction, the apparent intent of the legislature to treat children sixteen years of age who violate traffic ordinances or regulations as adults will be frustrated. An officer who places such a juvenile under arrest for a traffic violation would be required to take the juvenile either before the juvenile court or the juvenile officer. Thus for every arrest of a juvenile for such a violation the juvenile officer would be involved and the juvenile court consulted even though the court lacked jurisdiction. The purpose of the juvenile code would not be furthered since it was intended to protect only those children who come within the jurisdiction of the juvenile court. Upon considering the amendment of the juvenile court's jurisdiction, and the apparent intent behind that amendment, in relation to the purpose of the juvenile code as set out by the legislature, it would appear to be contrary to both the purpose and intent to find that the procedural requirements of the juvenile code are applicable even though the court lacks jurisdiction.
The legislature has excluded from the jurisdiction of the juvenile court a sixteen year old child's violation of state or municipal traffic ordinances or regulations the violation of which is not a felony. Since it would be inconsistent to exclude the violation of traffic ordinances and regulations from the jurisdiction of the juvenile court, but still require the procedural protections contained in the juvenile code to be followed, it is the opinion of this office that the procedural protections of the juvenile code are applicable only when the juvenile court has jurisdiction. Since the jurisdiction of the juvenile court has changed and the juvenile court no longer has jurisdiction over violation of traffic ordinance or regulations which are not felonies, a juvenile arrested for such an offense is subject to the provisions of § 577.050, RSMo 1978. Opinion No. 311, Gepford, December 1, 1966, is therefore withdrawn.
CONCLUSION
Therefore, it is the opinion of this office that a sixteen year old person arrested for violation of a state or municipal traffic ordinance or regulation, the violation of which does not constitute a felony, who refuses to submit to a chemical test to determine the alcoholic content of his or her blood, is subject to provisions of § 577.050, RSMo, relating to penalties for failure to submit to such test.
The foregoing opinion, which I hereby approve, was prepared by my Assistant John C. Reed.
Very truly yours,
 JOHN ASHCROFT Attorney General